The court will proceed to the third case, Planned Parenthood, Wisconsin v. Kaul, the appeal of the Wisconsin Legislature. Mr. Harris. Good morning, may it please the court. The District Court's denial of the Legislature's motion to intervene disregards Wisconsin's sovereign policy judgments about how its statutes should be defended when they're subject to a constitutional challenge. The Supreme Court's decision just a few months ago in Bethune Hill makes clear that it is ultimately up to each state to decide for itself how its laws should be defended when their constitutionality is challenged. So in Bethune Hill, the court held that the Virginia House of Delegates had no authority to initiate an appeal on behalf of the state because Virginia simply hadn't given it that power. Virginia had a strong Attorney General with exclusive litigating authority for the state. But the court was very clear in Bethune Hill that the Virginia Legislature would have had that power to initiate the appeal if the Legislature had given it that power. And that's exactly what we have here. The court in Bethune Hill pointed to an Indiana statute, which looks exactly like the Wisconsin statute, and said if Virginia had had something like that, the outcome probably would have been different. So the appellees want to say that Bethune Hill is irrelevant because it's just a standing case, but I think there are two key takeaways from Bethune Hill that are directly relevant here. So the first one is a federal court must look to state law in determining how a state is applied. It addresses the broad question of how do we decide who speaks for the state in litigation. And I think Bethune Hill is also critical on a second point, which is the appellees keep saying that we are trying to override Rule 24 or we're trying to impose state law on the federal courts. Of course not. Bethune Hill was about Article III standing, which is a core federal constitutional doctrine, but the court still looked to state law in determining how to apply that doctrine. So I think Bethune Hill shows even when you're applying a federal doctrine, such as standing or such as Rule 24, you always have to overlay the analysis with the relevant principles of state law. And I think that's exactly what should have been done here. Now, turning to adequacy of representation first, since I think it's fair to say that's where our core dispute with the other side lies, the district court required the legislature to show bad faith or gross negligence merely because the attorney general was defending the statute. But neither the district court nor the appellees has cited a single case applying that very difficult standard to an entity that had statutory authority to participate in the case. It's one thing to require a higher showing like that when you have, for example, a private party trying to elbow its way into a case where the government's already defending it. There it makes perfect sense to say, we don't let you in unless you can show some serious defect with how the government's defending the law. But that's not at all what we have here. Here we have two entities, co-equal branches of government, both with authority to participate in the case, and yet the district court still required this heightened showing. And we would submit it's just simply not the case, as the other side says, that this court's precedent directly speaks to that situation. So we think this bad faith and gross negligence test, it's just a complete mismatch for the situation we have here. And that... So we would have to create a new test or carve out an exception under your argument to the rule that's in place about bad faith? I don't think it's a new test or an exception. All we would ask the court to do is apply the ordinary adequacy test, which is simply you must show, and the court's described that test as minimal, where you must merely show that the other side may not, you know, may potentially not represent your interests.  But why wouldn't it be an exception to what's already out there, that if you are a state entity with the authority, which clearly the Attorney General is here, I don't think you're contesting that, that you have to show this heightened standard? Right. So I think it's harder than that. And I think it's... And I don't think... I think it's more than just a point of how it's described. So here there are two entities that are charged with administering the statute. And so I think it would be... I think it just doesn't fit with the court's existing doctrine. So I think it's... And again, I don't want to quibble over the phrasing, but I don't think it's an exception so much as we would just be saying that test is designed for a different situation where you have party with statutory authority, party with no statutory authority, and the party with no statutory authority is trying to get in. But here I think it's just a different situation because we cite in both our opening and our reply brief the Oak Creek case from Wisconsin State Court, which I think is really important because what Oak Creek says is the Attorney General of Wisconsin has no inherent power. The powers of the Attorney General are defined by statute, by the legislature. And so here the legislature has decided in this particular important category of cases, constitutional challenges to state law, that the legislature should not necessarily... The Attorney General should not necessarily be the sole person speaking on... Mr. Harris, is your position then that any time there's a challenge to the constitutionality of a statute, that a district judge in a similar situation to what we have here, similar in the sense of both authorities, that there is no room for the judge to make any discretionary call? I mean, it doesn't happen every day, but challenges to state statutes, constitutionalities come up at some frequency. Is the legislature in Wisconsin just presumed to have the capacity to replace the Attorney General, I mean, participate in it just because there's a challenge? So the courts must always apply Rule 24 and, of course, have inherent authority to manage their dockets and ensure the orderly administration of justice. But I think a couple points on this. I mean, the legislature, of course, litigation is costly, litigation is expensive. The legislature has no intention to jump into every single case involving a constitutionality of a statute. But how does a district court read the intention of the legislature in a particular case? I'm getting back to Judge St. Eve's question about how we frame a test, if you will, or some direction to a district judge and how he or she would view this desire to intervene. Right. So I think this actually goes to permissive intervention as well. And so under permissive intervention, the district judge actually has quite a bit of the participation. And so being candid, I think the real reason the legislature wants to be in these cases is so that they don't get dropped or settled or consented out from under us, because that's a really dangerous power to give the Attorney General the ability to enter a consent decree that basically wipes the state law off the books. But on permissive intervention, we kind of get the best of all worlds because we would be able to have that seat at the table to prevent the statute from being settled out from under us. But that does give the district judge more authority to say, OK, well, maybe we're going to put limits on what you can do in discovery. Maybe we're going to limit your number of witnesses. And so I think the other side keeps saying you can just be an amicus. But I think that just doesn't get to the core problem, which is what I would call legislation by litigation. It doesn't solve that problem of having laws wiped off the books solely through a litigation posture. So are you— Go ahead. OK. I'm hearing two different things here. Are you seeking to intervene here to represent the legislature? Or are you seeking to intervene here to be an agent of the state and represent the state's interests? Right. So it would be—so the court doesn't have to decide that at this stage because it's defensive. But I'm asking, which one are you seeking? We're seeking—we would be— I think it does matter for the analysis, and especially in looking at what your interest is and in looking at some of the case law, including the Supreme Court's recent opinion, Ethan Hill. We would be speaking—we would be defending—it would be the legislature participating in the case to defend the law on behalf of the state, I think, is our position. So you're not seeking to come in or to intervene to represent the legislature. You're seeking to intervene and come in as an agent of the state. The legislature, of course, is an agent of the state, as is the Attorney General. So I think the ultimate goal would be we want this law to be enforced in full and upheld. So, yes, that would be—and I think a good indication of that is the Indiana law that the Supreme Court pointed to in Bethune Hill, which the court said would likely be sufficient. Our statute's very similar to that. It gives the legislature the power to hire outside counsel and to intervene in a discrete class of cases. So I think our position is the court doesn't need to make any determinations about that for purposes of defensive intervention, but we are part of the state of Wisconsin and would be seeking to defend the statute in that capacity. But this case doesn't implicate any interest of the legislature as a legislature. It implicates the interest of the legislature under the statute, which authorizes it to speak for the state in defense of the constitutionality of state legislation. So we're dealing with a state law that confers a shared power on the Attorney General and the legislature by statute to represent the state in the defense of the constitutionality of its laws. And the difficulty I have with your argument is that in that sort of a state regime—and they are becoming more popular in the era of divided government at the state level—it trumps the intervention statute because, by definition, it establishes interest and it establishes inadequacy of representation because an argument can always be made, as a matter of practical politics, these arguments are only going to come into court when there's divided government at the state level. And a case can always be made when that's the situation that the other side's adequacy of representation is not to the liking of the other branch of government. So it's essentially an argument that the state law trumps the federal intervention rule. We're not saying that state law trumps it. All we would ask the court to do is the exact same thing the court did in Bethune Hill with Article III Standing Doctrine, which is, just as the constitutional Article III Standing Doctrine was, of course, informed by Virginia's approach to how it defended state law, we're simply asking the court to apply Rule 24 through the lens of state law and to give that state law the comedy and respect it deserves. Isn't this a slippery slope, though? If you're allowed to come in and really circumvent Rule 24, what would stop legislatures from passing other state laws that would allow them to come in and try to circumvent other federal procedural rules? Well, again, I don't think it's circumvent. I think it's a question of, for purposes of who is an adequate representative of the state of Wisconsin for defending the constitutionality of certain state laws. And the legislature, which, as I mentioned, Oak Creek, another case to say, is ultimately in control of the AG's office, has decided that in this class of cases, this is not necessarily the only adequate representative of the state. But when you say in control of the Attorney General's office, isn't the Attorney General an independently elected constitutional officer? Correct, but Wisconsin law is— Did you mean by in control of the Attorney General's office? What I mean is the statutory authority of the Attorney General, Wisconsin law is crystal clear, is ultimately subject to revision and control by the legislature. So that's the Oak Creek case. And then I think here's the best indication. It's Wisconsin Statute 165.251 and 1M. Those are the statutes that give the Attorney General his or her powers. In that very provision, there's now the intervention, a discussion of intervention as well. So in the very provision that confers the Attorney General power, the Attorney General's office is subject to these intervention statutes. Mr. Harris, I'm going to give you additional time because you asked questions. You say you don't want amicus status. Amicus status, of course, would allow the legislature to present its views. I mean, there's no—I don't know that it is more or less expansive than being an intervening party. But if we take the view that you need something more and you suggested your concern is that there would be a perhaps settlement or some resolution short of what might be the desire of the legislature, then does the district judge have to start with the presumption that's a possibility that your concern would develop? And just because there's the possibility of a resolution unfavorable in your view, that that potential is sufficient enough to tilt it toward your view? Right. Given the statute, I think that's all the court would need to address on adequacy. But if the something more that Your Honor referred to is required, I don't think the parties' inclination to litigate—this suit was brought nine days after the new attorney general was sworn into office to challenge years or decades old laws, and the attorney general was a close political ally. And so I think there's no inference from those facts other than the plaintiffs themselves seem to think that they have a good adversary in this case. But is that necessary for your argument? It's not. Absolutely not. It was extensively briefed, but as I understand your argument from the podium, it's that the statute establishes both the interest element of intervention and the inadequacy element of intervention, because by definition, the state is saying as a matter of policy that the attorney general is inadequate in this class of cases, so the legislature has a right to step in. That's certainly our argument. We, of course, wanted to give the court the full context of what was happening in the case, but I think exactly what Your Honor said is sufficient to resolve the case in our favor. So the courts are not going to be drawn into these battles of determining whether the attorney general's litigation strategy is adequate? I don't think the court needs to make any findings about that to reach a decision in our favor. Well, that's good to hear. I will give you an additional three minutes for rebuttal. Thank you. Thank you, Mr. Harris. Mr. Knoll? Mr. Keenan. Oh, I'm sorry. Mr. Keenan. Good morning, Your Honors. Assistant Attorney General Brian Keenan on behalf of the defendants at police. The district court properly denied the legislature's intervention motion for several reasons, but I was going to start with the adequacy of representation prong. And first, I think the legislature is intimated that the reason they need to be here is in case the attorney general would settle or enter into some sort of consent decree. And I would just say that they've passed a law preventing that as well in the same set of laws that were just passed, giving them the right to intervene in certain cases. There's also prevention of the attorney general from entering into a settlement of a case of this kind. So that's really not a legitimate fear here. And I think also to the extent that such a situation would arise, the Flying J case shows that someone can intervene at a later point when it becomes apparent that the party isn't fulfilling its duty to defend. So I think that would... A clarification of the argument here that it's not a case-specific analysis. It's more general than that, that the statute itself is a policy statement by Wisconsin that the attorney general... It's certainly a shared power under state law by statute, but that statute establishes as a matter of Wisconsin policy that the attorney general cannot adequately represent the state in defense of the constitutionality of its litigation, at least in the class of cases that challenges the constitutionality of state legislation, not in garden variety litigation. So what are we to make of that intervention equation? Well, I'm not sure that the statute actually establishes that the representation is inadequate. There's no finding that the attorney general... It just gives the legislature a right to also participate in certain cases. I think the important point of the statute, too, is it applies in state court and federal court. So in state court, they can just give themselves the right to intervene without having to show any sort of factors. Federal court, I think they still do have to meet the factors. And I don't think a state statute that said, we hereby claim that we satisfy Rule 24 can possibly be consistent with the supremacy clause. No, understood. But we're required to view, or at least from our standpoint, review the intervention decisions through the lens of state law. Correct? Well, I would say that the state law is relevant to the interest. And Bethune-Hill dealt just with interest, not with adequacy of representation at all. Why doesn't it have a bearing on the adequacy inquiry? Well, I believe this court has a case law that says that the defendants... Has to do with private parties. Well, those are the private parties in those cases. But we think that applies here as well. And it would constitute an exception to that rule to apply it in this case. Exceptions to rules exist when there are material distinctions. And there is a material distinction when we're talking about... I don't believe that it is... An arm of state government as opposed to a public employee union. It's a difference. But this is about adequacy of representation. And the focus is on the duty of the defendants in the case. Here, that duty exists equally here as it does with those other cases. And so, essentially, I believe that there's going to have to be a finding, although the legislature disclaims it, that the attorney general's representation is not adequate. And I believe that... That has to be found as a matter of fact. Well, or else it's going to be a matter of law in every single case. That's why I clarified the argument. Yeah. So under that reason... You would engage with the recently clarified argument. Yes. Then I guess it would just be a rule of law that applies in every case, in which case then the legislature will have an automatic right to intervene whenever it so chooses. And I believe that's problematic to have a state be able to say we can intervene whenever we want in any case. What's problematic about it? Well, I believe that the court would still have to... Should have to show that the representation isn't adequate in specific cases. Why shouldn't federal courts defer to the state's decision about who it wants representing the constitutionality or defending the constitutionality of its laws? Well, there is one party who's already doing this. The district court now is being forced to have multiple parties complicating the case, and we think that it's... The rule does say that it needs to show inadequate representation, and there's really no showing of that here in an actual case. Do you think litigation convenience overrides the state's sovereign interest in determining that two branches of government get to speak for the state in litigation challenging the constitutionality of state laws? Well, I think that would be one concern. I think it's also a concern that the court does have to then find the attorney general's representation is inadequate, and that's supposed to... Under the law, under the rule, that should be a case-by-case determination in each case and not a blanket state law that provides that. And I think if you look at the case law, adequate representation is about the defendants, not about who is intervening. We don't dispute that the state can give the legislature the right to pursue an appeal. For example, Bethune-Hill was problematic because the legislature there had no authority to pursue an appeal, so they couldn't do so because there was no state statute giving them any such right to represent the state affirmatively. But here it's a little bit different in that it's defending a case brought by other parties. So is it your position that Bethune-Hill is limited to the interest element? Yes. It doesn't apply to the adequacy? Yes, and because that wasn't an intervention case. It was a case where there were two parties in the district court level. One decided to appeal, the other did not. And so to pursue an appeal, someone needs to have Article III standing and interest for Article III standing purposes. And the basis of the Bethune-Hill case was that the Virginia House of Delegates in that case did not have any interest because it did not have an underlying state statute giving it the right to represent the state. I think also that the one house didn't have an interest in the legislative districts. So I think that doesn't say anything to the adequacy of representation at all. Mr. Keenan, would you address the import of the Oak Creek case on the analysis? Sure. And I misspoke a moment ago. We're not talking about a battle between branches of government because the Attorney General is not part of the executive branch. He is an independently elected constitutional officer, but his powers are limited by the legislature. He has no inherent power. That's the holding of that case. Yes, that's true. So why wouldn't the statute that's at issue here, in which the legislature gave itself the power to intervene, be conclusive? Well, I think it's different because the Oak Creek case does say that the legislature can prescribe the powers of the Attorney General. The legislature hasn't taken away the Attorney General's duty to defend the laws. It still has that and is fulfilling them in this case, unless we think the presumption applies and it would have to overcome that. But it's never been exclusive, and now it's obviously not exclusive. Yeah, and we don't understand the case law establishing the presumption to rely at all on exclusive representation. It was just that those state officials have a duty. We're going to presume that they are following that duty and fulfilling it because otherwise you're going to have to assume that state officials aren't actually fulfilling their duties and that they're falling down on the job. Instead, you need to show actual evidence that that is the case. In this case, there's really no actual evidence of failure to perform the duties. There's a lot of speculation and squabbles with litigation tactics,  And I think this kind of bleeds into the interest element, too, is that when both the intervener and the party of the case are asserting the same interest, which is we want to defend the constitutionality of the statute, that then the whole question boils down to then adequacy of representation, that you're not doing a good enough job at defending the statute. That's why we need to be let into the case. And so we think that was also, I think, the basis behind the case is saying that the intervener needs its own interest and can't be adopting the interest of the party already in the case because at that point now you're just always going to be talking about like disputing litigation tactics as not being sufficient. When the party of the case is defending the law and an intervener wants to come in, essentially the only dispute is going to be about whether those litigation strategy and tactics are appropriate. Are you saying that goes to they don't meet the interest element? Or are you saying that that makes the adequacy of representation element the key here? Well, I think the adequacy ends up being the key, and I think the cases dealing with the interest needing to be unique are sort of like recognizing that fact that when the interests are the same, then everything just comes down to the adequacy of representation because all you're going to be doing is fighting with each other about whether the party in the case is really doing its job and adequately defending the law. So why isn't it preferable from the standpoint of intervention analysis when we have a situation like this in which the state has given the authority to its legislature as well as its attorney general to defend the constitutionality of state laws that we would simply give effect to that and not get drawn into a determination of whether the attorney general's representation is in fact adequate with all that that would entail from a legal and political standpoint? Well, I think that our position would be that's not consistent with Rule 24, and also that I think the concern would be that essentially every legislature can now give themselves an inherent right to intervene in any case. What's wrong with that? Well, we think that's problematic on a federalism basis. Federalism goes both ways. Both states are respecting the federal government. We're talking about a rule of civil procedure. We're not talking about congressional policy here. It's a rule of this court, and essentially I believe it would be letting the legislature dictate how these courts must decide these issues. I see my red lights on. Mr. King, let me just ask you a question. You may not know the answer to. Is there any practice in the Wisconsin Attorney General's Office when confronted with a situation like this where consideration is given to appointing a special assistant attorney general to handle issues perhaps like the optics of divided government? I don't believe so, and I don't know that there's ability to do that under state law, and I don't know that it would solve the legislature's concern in that. I don't think the legislature's concern is with me personally doing it. It's with ultimately Attorney General Call being at the head of the office, so it seems like if there was some sort of arrangement, that person would probably likely still report to the attorney general, in which case I don't know that that would solve their concern. Didn't that happen back in the school choice wars? The appointment of special counsel to represent the state in defense of the school choice. There is an ability to hire independent, like an agency can hire independent counsel. So, for example, the legislature has brought up these Act 369 cases where the attorney general thought he had a conflict of interest, and then in that case, agencies can hire outside counsel to represent them when the attorney general refuses representation. So, if the attorney general would not want to defend a case, it would say so, and then those agencies could retain separate counsel to do that for them. I'm not sure of the facts of that circumstance specifically. It would take a refusal of the attorney general to defend? I believe it usually does. There may be some exceptions. I think the legislature, for example, has the ability to hire their own counsel without coming to us first. All right. Thank you, Mr. Keenan. Mr. Knoll? Thank you, Your Honor. Andrew Knoll on behalf of the plaintiffs. I want to start with the adequacy point as well, because to Judge St. Eve's point, I do think this court would be creating an exception to its standard, the gross negligence and bad faith standard, if it were to conclude that that standard does not apply where the would-be intervener is another government entity. We think the same rationale applies in intervention cases where you're adding a duplicative party with the same conceded goals and interests, and so those cases and the rationale behind them entirely apply where the would-be intervener is another state entity. But I want to also emphasize that even if this court were to disagree with that proposition, the alternative is not what the legislature describes as the ordinary test under the Trobovich standard. This court held quite clearly in Wisconsin Education Associations Council that even where the attorney general is not clothed with statutory authority to protect a party's interests, in that case it was municipal employees who were attempting to intervene, and this court said quite clearly that the attorney general did not have the authority to represent their interests, where the would-be intervener and the party in the case have the same goal, some presumption of adequacy still exists. And we submit that in this case there is still a presumption of adequacy even if the gross negligence and bad faith standard does not apply. And the legislature in their briefing, both opening brief and reply, have made no attempt to rebut any such presumption, and we think they've waived any argument that they could. They've only made arguments on the adequacy prong. Why wouldn't the statute provide the rebuttal to that, saying that they've made the determination that they want the legislature to come in here? So two responses to that, Your Honor. First, just as a matter of general Rule 24 case law, district courts' evaluation of adequacy has always been an objective standard. The courts have not taken a subjective view or granted presumptive credence to a would-be intervener's thoughts or views about the adequacy of a party in the case. But I think more importantly, and this goes to the Bethune-Hill point, the Indiana statute that the Supreme Court referenced in Bethune-Hill looks nothing like the Wisconsin statute codified in Section 803.092M. The Indiana statute permitted the legislature of Indiana to hire counsel to defend state laws, which arguably it's a dicta, but the court was considering that as an indication that the Indiana legislature would be allowed to step into the shoes of the state. Here, if you look at the statute that Wisconsin passed, at the same time that it made no change to the authority of the attorney general under state law, and I think this goes to the Oak Creek point that both parties have raised, at the same time the legislature passed a statute allowing it to intervene, and just intervene, I think that word choice is important because it indicates that the legislature thought there would already be a party in the case invoking the authority of the state. Here, the attorney general. And that's quite different from a statute like the Indiana statute that may allow a court or a legislature to intervene to represent a state interest. And so to the extent that has a bearing on the interest, we don't think that the interest goes to the state's interest here. And, in fact, if you look closely at the legislature's brief filed in this court and also at Docket 27 below, they've never asserted an interest to step in here in the shoes of the state. They've always asserted an interest to represent the legislature's interest. And I think we can see that quite clearly by their references to the Coleman and the Raines cases and their impairment arguments that they think their interest is being impinged by the inability of their votes or their authority as legislatures to carry weight here. Mr. Harris, the case doesn't involve the legislature's interest as a legislature. We don't have a separation of powers issue going on here where the interests of the state legislature as a legislature are implicated. It's strictly a case involving who gets to speak for the state in the defense of its laws in state and federal court. I entirely agree here. To apply the ordinary intervention analysis, including a case-specific analysis of the adequacy of the attorney general's representation, is going to effectively nullify the state law because it will be almost never that a state attorney general would be found to be inadequate in a legal sense. Well, Your Honor, the statute would certainly still apply in state courts, and I do think it's something that courts in the federal system could consider under the interest prong. But to your point about the legislature never asserting an interest is different from the recognition of state law. In our view, that tips decidedly in favor of finding no right of intervention here because they're asserting the exact same interest that is already represented in this case. And just one final point. I know my time has expired, but to apply this statute categorically in federal courts would require federal district court judges to let these parties intervene in every case. And it's important to point out that the statute provides, the Wisconsin statute provides for distinctive authority of the Assembly, the Senate, and the legislature to hire counsel and intervene in cases. And so you could very well have situations in which district courts are required to let multiple parties of the legislature in. And I think district courts must have the authority and discretion to manage their caseload, and that's what Rule 24 provides for. So we'd ask that this court affirm the decision in order of the district court. All right. Thank you, Mr. Noll. Mr. Harris. Just two quick points in rebuttal. First, didn't touch on interest in my opening presentation. I think the interest point is easy. If there is no interest here, there was also no interest in Chadha, Windsor, and every other court in which, and every other case in which a legislature intervened to defend a state law. But Rule 24 talks about an interest in the subject of the property or transaction. It has nothing to do with the other parties. And so on the interest, our interest is exactly the same as that in every other case where a legislature intervened. And then — I want you to go to adequacy. I think you've established the interest point. Right. And then I'd like to briefly talk about the Allen case, because the Attorney General said there's no need to intervene now if there ever comes a point, and they don't commit to seeing the case through to completion. Nowhere in their brief do they say, do they commit not to settle it, do they commit not to compromise it, do they commit to appeal if they lose. The Allen case shows why it is so important to have a seat at the table up front. So in Allen, this court held by a two-to-one vote that one of Wisconsin's right-to-work laws was preempted by federal law. The previous Attorney General took a cert petition to the Supreme Court. It had four amicus briefs. It was fully briefed. All that was left was for the Supreme Court to rule on it. And one day before the court was due to consider it, the Attorney General, with no notice to us, pulled it down, settled it, and then by Monday morning, once we saw what happened, the court had entered final judgment. So if the legislature in that case had intervened and had the proverbial seat at the table, that never would have happened. And I think Allen also, it just, both appellees want to keep saying, well, of course we're adequate representatives because we have a duty to defend. And I think Allen makes clear that the duty to defend only exists until it doesn't. And so all the legislature is seeking to do is proactively have the seat at the table at the critical junctions in the case. We intend to litigate in perfect good faith. We're not looking to duplicate work that they're already doing, but when there is a critical juncture in the case, we think the legislature under state law does have a right to be there. Thank you. Thank you. Thank you all, counsel. The case is taken under advisement.